UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

YASMEYA MEHMETI,

       Plaintiff,       NOT FOR PUBLICATION

    v.            **MEMORANDUM & ORDER**
                  20-CV-1494 (MKB)

NEW YORK BOARD OF EDUCATION, P.S. 25,
P.S. 53, P.S. 40, and SOUTH RICHMOND HIGH
SCHOOL,

       Defendants.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff Yasmeya Mehmeti, proceeding *pro se*, commenced the above-captioned action on March 16, 2020 against Defendants New York City Board of Education ("BOE"), Public School ("P.S.") 53, P.S. 40, P.S. 25, and South Richmond High School. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (IFP Mot., Docket Entry No. 5.) For the reasons discussed below, the Court dismisses the Complaint.

 **I. Background**

  The Court assumes the truth of the factual allegations in the Complaint.

  Plaintiff alleges that the BOE failed to give her a "proper education" at the schools she attended from 1992 through 2002. (Compl. 4.) Plaintiff alleges that she "should have been taught proper education" and be given "a tutor" if she had failed any subjects. (*Id.*) "Instead, they just rushed and passed" her and she did not "learn from the schools." (*Id.*) Plaintiff seeks "six million dollars in damages for pain and suffering" as well as "punitive damages from loss of wages from not being able to obtain jobs [her] entire life basically." (*Id.*) The Court will liberally construe the

Complaint as being brought under 42 U.S.C. § 1983.[1]

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, a court must be mindful that a plaintiff's pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").  Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

---

[1] Although Plaintiff checked the box for federal question jurisdiction on the form Complaint, she failed to identify any federal statute that would apply to her case.  (*See* Compl.)

Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) ("A district court properly dismisses an action under [Rule 12(b)(1) of the Federal Rules of Civil Procedure] for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." (citations omitted)).

    b. **Plaintiff fails to state a claim**

The Court has considered whether Plaintiff's complaint states a cognizable violation of her constitutional rights.[2]

Constitutional claims may be cognizable under 42 U.S.C. § 1983. To maintain a claim brought under section 1983, a plaintiff must allege that the conduct complained of (1) was

---

[2] Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where all plaintiffs and all defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))). Plaintiff has not provided any basis for this Court's jurisdiction. She has not cited any federal law that requires local governments to provide education of a particular quality, and because both Plaintiff and Defendants are located in New York state, there is no basis for diversity jurisdiction to enforce New York state education laws.

3

"committed by a person acting under color of state law" and (2) deprived the plaintiff "of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, the plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Plaintiff has failed to allege that Defendants violated her constitutional rights. The Supreme Court has long held that "there is no constitutional right to an education." *San Antonio Indep. School Dist. v. Rodriquez*, 411 U.S. 1, 35 (1973), *reh'g denied*, 411 U.S. 959 (1973); *see also Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 217 (2d Cir. 2012) (noting that there is no fundamental or substantive due process right to public education); *Smith v. Guilford Bd. of Educ.*, 226 F. App'x 58, 61 (2d Cir. 2007) ("[T]he Fourteenth Amendment does not protect a public education as a substantive fundamental right." (quoting *Handberry v. Thompson*, 436 F.3d 52, 70 (2d Cir. 2006))); *Press v. State Univ. of N.Y. at Stony Brook*, 388 F. Supp. 2d 127, 134 (E.D.N.Y. 2005) ("[I]t is well-settled that access to education is not a constitutional or fundamental right." (citation omitted)); *Catlin v. Sobol*, 93 F.3d 1112, 1120 (2d Cir. 1996) (applying rational basis review to case involving right to public education); *Dunbar v. Hamden Bd. of Educ.*, 267 F. Supp. 2d 178, 181 (D. Conn. 2003) (noting that education is not among the rights afforded explicit protection under our Federal Constitution); *but see Gary B. v. Whitmer*, 957 F.3d 616 (6th Cir. 2020*)* (finding a fundamental "right to a basic minimum education — access to literacy"), *reh'g en banc granted*, *opinion vacated*, 958 F.3d 1216 (6th Cir. 2020).

4

Plaintiff has not alleged discrimination or in any way suggested that her rights to procedural due process or equal protection may have been violated. Accordingly, the Court dismisses Plaintiff's claims against Defendants for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Conclusion

For the reasons set forth above, the Court dismisses the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because of Plaintiff's *pro se* status, the Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. Any amended complaint will completely replace the original complaint and must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff at the following address: Rose M. Singer Center, 19-19 Hazen Street, East Elmhurst, NY 11370.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: July 29, 2020
   Brooklyn, New York

                SO ORDERED:

                _____s/ MKB_____
                MARGO K. BRODIE
                United States District Judge